IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| ANNETTE A. PAGE, <br><br> PLAINTIFF, <br><br> VS. <br><br> BANK OF THE WEST, <br><br> DEFENDANT. | Civil Action No. <br><br><br> COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, Annette A. Page ("Plaintiff" or "Page") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Bank of the West  (hereinafter "Defendant" or "Bank of the West"), alleges as follows:

## I.      INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's repeated violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. Section 227 et seq. and the Iowa Debt Collection Practices Act, § 537.7103, et seq., (hereinafter "IDCPA") by this Defendant and their agents in their illegal efforts to collect a consumer debt.

## II.      JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 TCPA claim, a federal cause of action, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367. Venue in this District is

proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

3.   Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.   PARTIES

4.   Plaintiff, Annette Page, is a natural person residing in Clarke County, Iowa.

5.   Defendant, Bank of the West, is a business principally located in California who is engaged in the collection of debts owed to another in the State of Iowa.

6.   Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

7.   Defendant is a "debt collector" as that term is defined by Iowa Code § 537.7102(5).

## IV.   FACTUAL ALLEGATIONS

8.   At some point in time, the Plaintiff incurred a financial obligation to the Defendant, Bank of the West, that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by Iowa Code § 537.7102(3).

9.   Shortly after defaulting on her financial obligation to Bank of the West, the Plaintiff began receiving a high volume of automated debt collection calls and voice messages from the Defendant.

10. The Plaintiff's counsel, Marks Law Firm, forwarded correspondence to the Defendant dated April 13, 2012. Said correspondence advised the Defendant in part that the Plaintiff was being represented, that the Plaintiff could not currently

make payment on her accounts, and that all future collection communication should be forwarded to Marks Law Firm.

11. The April 13, 2012 correspondence clearly stated that the Plaintiff disputed the debts and revoked all consent to contact her on her cell phone or home phone.

12. The April 13, 2012 correspondence advised the Defendant that the letter included all accounts the Plaintiff held with the Defendant and also provided the last four digits of the Plaintiff's social security number.

### Illegal Voice Messages to Plaintiff's Cell Phone

13. Subsequent to the April 13, 2012 letter of representation and revocation of consent, the Plaintiff continued to receive automated collection voice messages on her cell phone from the Defendant who was calling the Plaintiff in an attempt to collect a debt.

14. The Defendant left the following identical message on the Plaintiff's voice mail on her cellular phone:

> This is an important message for Annette A. Page from Bank of the West. Please call our automated service line at 888-396-3037. Again, please contact us at 888-396-3037. Thank you. Goodbye.

on or about the dates and times stated: April 18, 2012 at 8:17 pm; April 19, 2012 at 8:27 pm; April 20, 2012 at 7:36 pm; April 21, 2012 at 3:21 pm; April 25, 2012 at 8:00 pm; April 26, 2012 at 7:24 pm; April 27, 2012 at 8:49 pm; April 28, 2012 at 2:47 pm; April 29, 2012 at 12:16 pm; May 01, 2012 at 8:29 pm; May 02, 2012 at 7:53 pm; May 03, 2012 at 8:45 pm; May 04, 2012 at 7:34 pm; May 05, 2012 at 2:47 pm; May 06, 2012 at 12:36 pm; May 09, 2012 at 8:46 pm; May 10, 2012 at 7:03 pm; May 12, 2012 at 4:04 pm; May 13, 2012 at 1:32 pm; May 16, 2012 at 7:14 pm; May 17, 2012 at 8:37 pm; May 18, 2012 at 8:26 pm; May 19, 2012 at 3:25 pm.

15. The Defendant failed to inform the Plaintiff in the messages that the communication was from a debt collector and that any information obtained would be used for that purpose.

16. The Defendant continued to contact the Plaintiff after the Defendant had been advised that the Plaintiff was being represented by counsel and the name and attorney contact information had been provided to the Defendant.

17. Each voice message on each occasion from the Defendant was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2)(d), 537.7103(4)(b), and 537.7103(5)(e), amongst others.

Illegal Collection Calls to Plaintiff's Place of Employment

18. On or about May 01, 2012, the Plaintiff received a collection call from the Defendant at her place of employment at approximately 2:03 pm. The Defendant did not leave a voice message.

19. On or about May 01, 2012, the Plaintiff received a second collection call from the Defendant at her place of employment at approximately 2:30 pm. The Plaintiff answered and the representative stated her name was Vanessa and requested the Plaintiff verify her social security number, which the Plaintiff did. The Plaintiff immediately advised Vanessa that she had previously requested the Defendant cease contacting her at her place of employment. Vanessa then took that information but verified the Plaintiff's cell phone number. The Plaintiff did not give the Defendant permission to contact her cell phone number. Vanessa then continued the collection call by requesting how the Plaintiff intended to make

payment. The Plaintiff again stated she was at work and could not discuss the matter and ended the phone call.

20. On or about May 03, 2012, the Plaintiff received three collection calls from the Defendant at her place of employment at approximately 9:23 am, 9:24 am and 11:28 am. The calls took place subsequent to the Plaintiff requesting, on multiple occasions, that the Defendant cease contacting her place of employment.

21. On or about May 04, 2012, the Plaintiff received three collection calls from the Defendant at her place of employment at approximately 9:40 am, 10:25 am and 2:51 pm. The calls took place subsequent to the Plaintiff requesting, on multiple occasions, that the Defendant cease contacting her place of employment.

22. On or about May 11, 2012, the Plaintiff received a collection call from the Defendant at her place of employment at approximately 9:29 am. The call took place subsequent to the Plaintiff requesting, on multiple occasions, that the Defendant cease contacting her place of employment.

23. On or about May 14, 2012, the Plaintiff received a collection call from the Defendant at her place of employment at approximately 8:40 am. The call took place subsequent to the Plaintiff requesting, on multiple occasions, that the Defendant cease contacting her place of employment.

24. In several of the calls made by the Defendant to the Plaintiff at her place of employment, the Defendant left automated voice messages. These voice messages took place after the April 13 letter of representation.

25. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and that any information obtained would be used for that purpose.

26. As a result of the Defendant's continued placement of collection calls to the Plaintiff's place of employment, the Plaintiff has experienced actual damages in the form of emotional distress, including but not limited to the following: embarrassment, humiliation, stress, loss of concentration, anger, frustration, loss of sleep, fear, anxiety, and depression.

27. Said voice messages were available to the staff of the Plaintiff's employer and were heard by several different coworkers of the Plaintiff.

28. Each voice message on each occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2)(d), 537.7103(4)(b), and 537.7103(5)(e), amongst others.

## Telephone Consumer Protection Act

29. At all times relevant to this Complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

30. At all times relevant to this Complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

31. Defendant at all times relevant to the Complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

32. The Defendant at all times relevant to the Complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

33. At all times relevant to this Complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

34. At all times relevant to this Complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## Illegal Auto-Dialed Collection Calls

35. Within one year immediately preceding the filing of this lawsuit, the Defendant telephoned the Plaintiff's cellular phone on numerous and multiple occasions in violation of the TCPA.

36. Within one year immediately preceding the filing of this lawsuit, the Defendant telephoned the Plaintiff's cellular phone on numerous and multiple occasions leaving automated messages in violation of the TCPA.

37. The Defendant and its collectors repeatedly called the Plaintiff on her cell phone using an automatic telephone dialing system in an attempt to collect this debt.

## Respondeat Superior Liability

38. The acts and omissions of the Defendant and its representatives employed as agents by the Defendant who communicated with the Plaintiff as more further described herein, were committee within the time and space limits of their agency relationship with their principal, the Defendant.

39. The acts and omissions by the Defendant and its representative were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Defendant in collecting consumer debts.

7

40. By committing these acts and omissions against the Plaintiff, the Defendant and its representatives were motivated to benefit their principal, Bank of the West.

41. The Defendant is therefore liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by the Defendant and its collection employees, including but not limited to violations of the IDCPA, in their attempts to collect this debt from the Plaintiff.

## V.    FIRST CLAIM FOR RELIEF: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Within the year period immediately preceding this action, the Defendant Bank of the West made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

44. The acts and or omissions of the Defendant Bank of the West at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

45. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., the Defendant Bank of the West at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages.

46. The Defendant Bank of the West did not have the prior express consent of the Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone and in the event the Defendant did have express consent, that consent was clearly and unambiguously revoked in the letter of representation forwarded to the Defendant by Plaintiff's counsel on or about April 13, 2012.

47. The Defendant Bank of the West made such calls willfully.

48. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to the Plaintiff.

49. Defendant Bank of the West willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

50. Plaintiff is entitled to injunctive relief prohibiting the Defendant Bank of the West from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

51. WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 et seq.

i   For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant Bank of the West and for Plaintiff:

i   For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant Bank of the West and for Plaintiff:

i   For an injunction prohibiting the Defendant Bank of the West from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a); and

i   For such other and further relief as may be just and proper.

## VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

52. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The Defendant Bank of the West, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

54. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

## COUNT II.
## VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT Iowa Code § 537.7103 et seq.

i   For an award of actual damages pursuant to § 537.5201(1)(y)against the Defendant and for Plaintiff;

i   For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

i    For an award of costs of litigation and reasonable attorney's fees pursuant

to § 537.5201(8) against the Defendant and for Plaintiff; and

i    For such other and further relief as may be just and proper.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF